UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL NORWOOD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-3219 |
| | § | |
| NABORS OFFSHORE CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff's motion to remand (Dkt. 7) filed by Michael Norwood against defendant Nabors Offshore Corporation ("Nabors").  After reviewing the motion, the pleading, the response, and the applicable law, the court is of the opinion that the motion should be DENIED.

## I. BACKGROUND

On September 25, 2015, Norwood filed his original complaint in state court asserting a claim under the Jones Act for alleged injuries incurred while aboard the Super Sundowner XXI ("SS21") Dkt. 7, Ex. 1 at 2-3.  On November 2, 2015, Nabors removed the lawsuit to this court.  Dkt. 1. Nabors asserts that Norwood is not a seaman under the Jones Act because the SS21 is not a vessel; therefore, the Outer Continental Shelf Lands Act ("OCSLA") applies to this suit and federal jurisdiction is proper.  *Id*.  On December 2, 2015, Norwood filed a motion to remand.  Dkt. 7.  On January 6, 2016, Nabors filed its response.  Dkt. 12.  Norwood has not filed a reply to Nabors's response.

## II. LAW & ANALYSIS

"It is axiomatic that Jones Act suits may not be removed from state court because 46 U.S.C. App. § 688 (the Jones Act) incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. § 1445(a), which in turn bars removal." *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). "[W]hile federal courts ordinarily look only to the plaintiffs' pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* In order to prevent remand, "[t]he removing party must show that there is no possibility that plaintiff would be able to establish a cause of action." *Id.*

In order to establish liability under the Jones Act, Plaintiff must be a seaman. 46 U.S.C. § 30104(a). The Supreme Court has established a two-prong test for determining seaman status:

> First, . . . an employee's duties must contribute to the function of the vessel or to the accomplishment of its missions . . . Second, . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature.

*Chandris, Inc. v. Lastis*, 515 U.S. 347, 368, 115 S. Ct. 2172 (1995).

"In order to establish Jones Act jurisdiction, plaintiff must show that at the time of his injury he was a seaman on a vessel; if not, his remedy for injuries sustained as a worker on a fixed platform is under the Longshoremen's and Harbor Workers' Act." *Billings v. Chevron, U.S.A., Inc.*, 618 F.2d 1108, 1109 (5th Cir. 1980). The Fifth Circuit's decision in *Billings* is directly on point. In *Billings*, the court held that the plaintiff was not a Jones Act seaman where his primary responsibilities concerned drilling operations on a fixed platform. *Id.* at 1110. Here, Norwood claims that he sustained injuries while working on the SS21 on April 21, 2015. Dkt. 7, Ex. 1 at 3. In its response to the motion to remand, Nabors asserts that the SS21 is a drilling rig attached to Marathon Oil's

fixed platform in the Gulf of Mexico on the Outer Continental Shelf. Dkt. 12 at 6. In support of this contention, Nabors attached the affidavit of Lawrence Holmes, Field Support Superintendent for Nabors, who states that the SS21 is a platform rig and that "[a]t all times relevant to the incident that made the basis of this lawsuit, Nabors' Rig SS21 was attached to Marathon Oil's Lobster Platform, a fixed platform attached to the seabed." Dkt. 12, Ex. 2 at 2. Norwood has not presented any evidence to contradict Holmes's affidavit or otherwise responded to Nabors's assertion that the SS21 is a workover rig attached to a fixed platform. Instead, Norwood cites to *Manuel v. P.A.W. Drilling & Well Serv., Inc.,* in support of his contention that all workover rigs are vessels. Dkt. 7 at 5 (citing 135 F.3d 344, 351 (5th Cir. 1998)). In *Manuel*, the workover rig "consisted of a portable truck-mounted workover rig owned by P.A.W. that was driven onto the deck of a leased barge and bolted into place" and "was assembled to transport the workover rig and its attendant equipment from place to place across the navigable waters." *Id*. at 346, 351. This case is inapposite because, unlike the workover rig in *Manuel,* the SS21 was not permanently attached to a vessel while conducting its drilling operations. In fact, the SS21 is unable to move unless it is removed by a crane and placed on a vessel for transport. Dkt. 12 at 8. It is well settled that fixed platforms are not vessels, and workers injured on them are not covered under the Jones Act. *See Billings,* 618 F.2d at 1109.

### III. CONCLUSION

Norwood has failed to plead a Jones Act claim. Accordingly, Norwood's motion to remand (Dkt. 7) is DENIED.

Signed at Houston, Texas on January 21, 2016.

_____

Gray H. Miller
United States District Judge

3